

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00024-CR
_____

PAUL JOAQUIN PONCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 65,591-A, Honorable Dan L. Schaap, Presiding

August 17, 2022

## ORDER DENYING MOTION TO ABATE

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Paul Joaquin Ponce, appeals the trial court's revocation of his deferred adjudication community supervision and the accompanying ten-year sentence for aggravated sexual assault of a child.[1]  After adjudicating appellant guilty, the trial court ordered preparation of a presentence investigation report (PSI) in accordance with article 37.07, section 3(d) of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC.

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(3)(B).

ANN. art. 37.07, § 3(d). Appellate counsel attempted to obtain a copy of the PSI from the community supervision department, trial counsel, and the prosecutor, to no avail.

Pending before this Court is a *Motion to Abate* by which appellant seeks supplementation of the appellate record with a copy of the PSI. Appellate counsel maintains that a copy of the PSI is necessary to provide appellant with effective assistance of counsel by reviewing the entire record. For the reasons explained herein, we deny the *Motion to Abate.*

The record shows that during the sentencing phase, the PSI was made available to the trial court, trial counsel, and the prosecutor. The record does not reflect that the trial court considered it in assessing punishment. Nor does it reflect that it was admitted into evidence as part of the record developed at the hearing. This is critical since matters outside the appellate record are beyond our review. *See Delacerda v. Quintero*, No. 07-16-00081-CV, 2016 Tex. App. LEXIS 9932, at *3 n.2 (Tex. App.—Amarillo Sept. 6, 2016, pet. denied) (mem. op.).

Appellant's *Motion to Abate* is denied without prejudice to him providing further information or authority, by 5:00 p.m. August 24, 2022, indicating that the PSI was considered by the trial court, intended by the trial court to be part of the hearing record, or susceptible to consideration by this Court if not admitted into evidence below. Otherwise, appellant's brief is due on or before August 30, 2022.

It is so ordered.

Per Curiam

Do not publish.